# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION NO.: 19-940

TINA FISHER,
    Plaintiff

v.

TOWN OF LUDLOW, MICHAEL MAZZA,
individually and in his official capacity,
PAUL MADERA, individually and in his
official capacity, LOUIS TULIK,
individually and in his official capacity,
DANIEL VALADAS, individually and in
his official capacity, DAVID KORNACKI,
individually and in his official capacity, and
THOMAS LEE, individually and in his
official capacity,
    **Defendants**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

HAMPDEN COUNTY
SUPERIOR COURT
FILED
DEC 10 2019
CLERK OF COURTS

## PARTIES

1. The Plaintiff, TINA FISHER, is a natural person who, at all times material and relevant to the issues herein, has resided at 11b Notre Dame Street, Westfield, County of Hampden, in the Commonwealth of Massachusetts.

2. The Defendant, TOWN OF LUDLOW, is a municipality organized under and pursuant to the laws of the Commonwealth of Massachusetts with its administrative offices located at 488 Chapin Street, Ludlow, County of Hampden, in said Commonwealth.

3. The Defendant, MICHAEL MAZZA, is a Trooper with the Massachusetts State Police and was so employed at all times material and relevant to the within Complaint.

4. The Defendant, PAUL MADERA, is the Chief of Police with the Ludlow Police Department and was so employed at all times material and relevant to the within Complaint.

5. The Defendant, LOUIS TULIK, is a Detective Sergeant with the Ludlow Police Department and was so employed at all times material and relevant to the within Complaint.

6. The Defendant, DANIEL VALADAS, is a Sergeant with the Ludlow Police Department and was so employed at all times material and relevant to the within Complaint.

7. The Defendant, DAVID KORNACKI, is a Detective with the Ludlow Police Department and was so employed at all times material and relevant to the within Complaint.

8. The Defendant, THOMAS LEE, is a police officer with the Ludlow Police Department and was so employed at all times material and relevant to the within Complaint.

9. All individual defendants are being sued individually and in their official capacities.

10. At all times relevant to the within Complaint, the Defendant MAZZA was acting as an employee, agent or servant of the Massachusetts State Police and/or the Town of Ludlow.

11. At all times relevant to the within Complaint, the Defendants MADERA, TULIK, VALADAS, KORNACKI and LEE were acting as employees, agents or servants of the Defendant Town of Ludlow.

12. At all times relevant to the within Complaint, the individual Defendants were acting under color of state law.

## FACTUAL ALLEGATIONS

13. On or about October 25, 2006 there was an alleged bomb threat at East Street Elementary School in Ludlow.

14. The Plaintiff was a teacher employed by the Ludlow Public Schools and she was assigned to work at the East Street Elementary School at the time of the October 25, 2006 event.

15. In October or November of 2006, the Plaintiff was arrested by Ludlow Police Officers and Defendant MAZZA of the Massachusetts State Police in connection with the alleged bomb threat. The Plaintiff was held on bail and was required to spend at least one overnight in jail before being charged and arraigned in the Palmer District Court for allegedly making a bomb threat, threatening to commit a crime and disturbing the peace.

16. Plaintiff was thereafter indicted and arraigned in the Hampden County Superior Court in connection with the bomb threat on October 25, 2006.

17. Plaintiff was terminated by the Ludlow Public Schools from her employment as a public school teacher.

Fee Paid - $_____ Cash - Check
Surcharge Paid - $_____ Cash - Check
Security Fee - Paid - $_____ Cash - Check
Received by_____

2

18. On October 19, 2007, the Hampden County Superior Court (Hon. Bertha D. Josephson presiding) issued a decision ruling that certain evidence collected by the Commonwealth would not be admissible at Plaintiff's Trial on the indictment for making a bomb threat.

19. On or about October 31, 2007, the Commonwealth of Massachusetts, through its District Attorney, filed a *nolle prosequi* of the case against Plaintiff, and the matter was not further pursued in recognition of the fact that there was insufficient evidence upon which to obtain a conviction.

20. The Ludlow Public Schools failed to re-hire the Plaintiff after the *nolle prosequi* was filed and despite the fact that the case against Plaintiff had been discontinued by the District Attorney.

21. As a result, the Plaintiff exercised her right to arbitration with the Ludlow Public Schools alleging that it did not have the authority to terminate her under the circumstances.

22. Plaintiff prevailed at Arbitration and was ordered reinstated to her teaching position with an award of full back pay and benefits for the time she was out of work.

23. Plaintiff remained an employee of the Ludlow Public Schools from that time until the chain of events outlined herein below.

24. In December of 2015 Plaintiff was employed as a Special Education Teacher at Ludlow High School where she had been a teacher for approximately 8 years.

25. On December 2, 2015 there was an alleged bomb threat at Ludlow High School.

26. The Ludlow Police Department and the Massachusetts State Police alleged that a piece of paper on the floor of a classroom with a handwritten note in pencil stating, "BOMB at 11 todAY" constituted a bomb threat.

27. The Plaintiff was present at work on December 2, 2015.

28. By letter dated December 8, 2015 from the Principal of Ludlow High School, the Plaintiff was informed that she was immediately being placed on paid administrative leave while an investigation into whether she was responsible for the alleged December 2, 2015 bomb threat was conducted.

29. The Plaintiff was required to immediately leave the school building and was not allowed to report back to the school pending the investigation.

30. On June 22, 2016, the Ludlow Police Department, specifically Defendant TULIK, in conjunction and cooperation with Defendant MAZZA of the Massachusetts State

3

Police, sought to obtain an indictment against the Plaintiff who was, as a result, indicted that day in the Hampden County Superior Court (Ind. No. 16-399) by a Grand Jury on one count of Making a Bomb Threat in violation of M.G.L. ch. 269 §14(b)(1) in connection with the December 2, 2015 incident.

31. The sole witness to testify and provide evidence at the Grand Jury proceedings was Detective Sergeant Louis Tulik of the Ludlow Police Department.

32. The evidence Defendant TULIK presented to the Grand Jury was a compilation of information obtained by the various defendants named in the within Complaint.

33. Defendant TULIK misled the Grand Jury by presenting evidence he knew or should have known to be false.

34. Immediately after the indictment was obtained, the Principal of Ludlow High School, by letter dated June 23, 2016, notified Plaintiff that she was being placed on an immediate unpaid suspension referencing the indictment as the cause.

35. The Plaintiff was arraigned on July 13, 2016 in the Hampden County Superior Court and entered a plea of not guilty.

36. The Plaintiff remained on unpaid suspension throughout the entire time of her pending criminal action.

37. On June 13, 2017 the Plaintiff's Jury Trial began in the Hampden Superior Court and lasted for three days.

38. Defendant TULIK and other named Defendants testified at Trial and presented evidence they knew or should have known to be false to the court and the jury.

39. On June 15, 2017, after the Commonwealth's evidence was presented and it had rested its case, Plaintiff (Defendant in the criminal action) presented a Motion for a Required Finding of Not Guilty.

40. The Hampden County Superior Court (Hon. Tina S. Page presiding) issued a decision granting Plaintiff's Motion after concluding that there was insufficient evidence as a matter of law to sustain a conviction. Judge Page entered a finding of not guilty in favor of the Plaintiff prior to jury deliberations, and then dismissed the jury.

41. Plaintiff was not reinstated in her position with the Ludlow Public Schools and, effective September 22, 2017, was no longer an employee of the Ludlow Public Schools.

42. The Plaintiff has been unable to obtain employment in the teaching field since being falsely accused by the Defendants.

43. The Defendants, through their conduct, deprived Plaintiff of Due Process in violation of the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and Article XII of the Massachusetts Declaration of Rights.

44. The Defendants, through their conduct, deprived Plaintiff of her employment rights and have deprived her of the ability to work in her chosen and well-established career into the foreseeable future.

## CAUSES OF ACTION

### COUNT I
### (Federal Civil Rights Violation – 42 U.S.C. § 1983)
### As to All Named Defendants

45. The Plaintiff, Tina Fisher, hereby restates and re-avers each of the allegations contained in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. The aforementioned conduct of the Defendants acting under color of state law violated the Plaintiff's rights to due process of law as provided by the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

47. As a result of the aforementioned conduct of the Defendants, Plaintiff suffered great pain of mind and body and was otherwise damaged.

48. WHEREFORE, Plaintiff demands Entry of Judgment and monetary damages in an amount to be determined at Trial, together with interest, fees and costs, against the Defendants as to Count I, for civil rights violations, as well as any other relief this Court may deem just and proper under the circumstances.

### COUNT II
### (State Civil Rights Violation – M.G.L. ch. 12 § 11i)
### As to All Named Defendants

49. The Plaintiff, Tina Fisher, hereby restates and re-avers each of the allegations contained in Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. The aforementioned conduct of the Defendants violated the Plaintiff's employment rights and interfered with her ability to work in her chosen profession through threats, intimidation or coercion.

51. As a result of the aforementioned conduct of the Defendants, Plaintiff suffered great pain of mind and body and was otherwise damaged.

52. The aforesaid actions and conduct of the Defendants constituted civil rights violations under the laws of the Commonwealth of Massachusetts.

53. WHEREFORE, Plaintiff demands Entry of Judgment and monetary damages in an amount to be determined at Trial, together with interest, fees and costs, against the Defendants as to Count II, for civil rights violations, as well as any other relief this Court may deem just and proper under the circumstances

### COUNT III
### (Malicious Prosecution)
### As to All Named Defendants

54. The Plaintiff, Tina Fisher, hereby restates and re-avers each of the allegations contained in Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. On or about June 22, 2016, Defendants maliciously and without probable cause instituted criminal proceedings against Plaintiff, charging Plaintiff with making a bomb threat.

56. Defendants further maliciously presented evidence at Trial on or about June 13-15, 2017 that they knew or should have known was false.

57. On or about June 15, 2017, Plaintiff was found not guilty of the 2016 charge as a matter of law after the Commonwealth had presented all of its evidence and had rested its case.

58. By reason of Defendants' malicious prosecution of Plaintiff as alleged, Plaintiff was subjected to great indignity and personal humiliation, pain and suffering of mind and body, was prevented from going to work at her job, and in addition, suffered injury to her good name and reputation in the community, all to her damage in an amount to be determined at Trial.

59. The aforesaid actions and conduct of the Defendants constituted malicious prosecution under the laws of the Commonwealth of Massachusetts.

60. WHEREFORE, Plaintiff demands Entry of Judgment and monetary damages in an amount to be determined at Trial together with interest, fees and costs, against the Defendants as to Count III, for malicious prosecution, as well as any other relief this Court may deem just and proper under the circumstances.

## COUNT IV
## (Abuse of Process)
## As to All Named Defendants

61. The Plaintiff, Tina Fisher, hereby restates and re-avers each of the allegations contained in Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. On or about June 22, 2016, Defendants instituted criminal proceedings against Plaintiff, and did so for an illegitimate purpose.

63. By reason of Defendants' abuse of process of Plaintiff as alleged, Plaintiff was subjected to great indignity and personal humiliation, pain and suffering of mind and body, was prevented from going to work at her job, and in addition, suffered injury to her good name and reputation in the community, all to her damage in an amount to be determined at Trial.

64. The aforesaid actions and conduct of the Defendants constituted an abuse of process under the laws of the Commonwealth of Massachusetts.

65. WHEREFORE, Plaintiff demands Entry of Judgment and monetary damages in an amount to be determined at Trial together with interest, fees and costs, against the Defendants as to Count IV, for abuse of process, as well as any other relief this Court may deem just and proper under the circumstances.

## COUNT V
## (Intentional Infliction of Emotional Distress)
## As to All Named Defendants

66. The Plaintiff, Tina Fisher, hereby restates and re-avers each of the allegations contained in Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. On numerous dates including but not limited to June 22, 2016 and June 13-15, 2017, Defendants engaged in extreme and outrageous conduct with the intent to inflict emotional distress upon Plaintiff, and/or engaged in conduct that was likely to result in extreme emotional distress to Plaintiff by testifying untruthfully before both a Grand Jury in the Hampden Superior Court and then a Trial Jury in the Hampden Superior Court.

68. The Defendants engaged in extreme and outrageous conduct with the intent to inflict emotional distress upon Plaintiff, and/or engaged in conduct that was likely to result in extreme emotional distress to Plaintiff by pursuing a criminal action against Plaintiff without sufficient evidence to do so, and by testifying untruthfully before two separate juries in the Hampden Superior Court over the course of approximately one year's time.

69. Defendants' extreme and outrageous conduct caused Plaintiff to suffer shock, great indignity, and severe emotional harm of a nature that no reasonable person could be expected to endure.

70. The aforesaid actions and conduct of the Defendants constituted an intentional infliction of emotional distress under the laws of the Commonwealth of Massachusetts.

71. WHEREFORE, Plaintiff demands Entry of Judgment and monetary damages in an amount to be determined at Trial together with interest, fees and costs, against the Defendants as to Count V, for intentional infliction of emotional distress, as well as any other relief this Court may deem just and proper under the circumstances.

## COUNT VI
### (Negligent Infliction of Emotional Distress)
### As to All Named Defendants

72. The Plaintiff, Tina Fisher, hereby restates and re-avers each of the allegations contained in Paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73. The Plaintiff satisfied the presentment requirements of M.G.L. c. 258 by sending a Presentment Letter to the Ludlow Town Administrator, the Massachusetts State Police and the Office of the Attorney General Maura Healey on or about May 21, 2019, complaining of the incidents outlined in the within Complaint. Plaintiff has received no response to her Presentment Letter and more than six months have passed since its mailing.

74. The individual defendants owed a duty to the Plaintiff to exercise reasonable care in the performance of their duties as police officers/state troopers.

75. The aforesaid acts and conduct of the Defendants, while acting within the scope of their employment, breached their duty of care in the performance of their duties.

76. As a direct and proximate result of Defendants' conduct, Plaintiff was subjected to great indignity and personal humiliation, pain and suffering of mind and body, was prevented from going to work at her job, and in addition, suffered injury to her good name and reputation in the community, all to her damage in an amount to be determined at Trial.

77. The aforesaid actions and conduct of the Defendants constituted negligent infliction of emotional distress under the laws of the Commonwealth of Massachusetts.

78. WHEREFORE, Plaintiff demands Entry of Judgment and monetary damages in an amount to be determined at Trial together with interest, fees and costs, against the

Defendants as to Count VI, for negligent infliction of emotional distress, as well as any other relief this Court may deem just and proper under the circumstances.

### COUNT VII
### (Violation of M.G.L. C. 258)
### As to All Named Defendants

79. The Plaintiff, Tina Fisher, hereby restates and re-avers each of the allegations contained in Paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80. The Plaintiff satisfied the presentment requirements of M.G.L. c. 258 by sending a Presentment Letter to the Ludlow Town Administrator, the Massachusetts State Police and the Office of the Attorney General Maura Healey on or about May 21, 2019, complaining of the incidents outlined in the within Complaint. Plaintiff has received no response to her Presentment Letter and more than six months have passed since its mailing.

81. The individual defendants owed a duty to the Plaintiff to exercise reasonable care in the performance of their duties as police officers/state troopers.

82. The aforesaid acts and conduct of the Defendants, while acting in the scope of their employment, breached their duty of care in the performance of their duties.

83. As a direct and proximate result of Defendants' conduct, Plaintiff was subjected to great indignity and personal humiliation, pain and suffering of mind and body, was prevented from going to work at her job, and in addition, suffered injury to her good name and reputation in the community, all to her damage in an amount to be determined at Trial.

84. The aforesaid actions and conduct of the Defendants constituted violations of M.G.L. c. 258.

85. WHEREFORE, Plaintiff demands Entry of Judgment and monetary damages in an amount to be determined at Trial together with interest, fees and costs, against the Defendants as to Count VII, for violations of M.G.L. c. 258, as well as any other relief this Court may deem just and proper under the circumstances.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that Judgment be entered against Defendants, on each count of the Plaintiff's Complaint, and that she be awarded the following economic damages:

a. Actual damages;
b. Compensatory damages;
c. Emotional distress damages;
d. Punitive damages;
e. Reasonable attorney's fees;
f. Interest and costs; and
g. Such other and further relief as this Court deems just, proper and equitable.

**The Plaintiff hereby Demands a Jury Trial on all issues so Triable.**

TINA FISHER,
Plaintiff
By Her Attorney

Dated: December 9, 2019

*/s/ Colleen A. Sullivan*
Colleen A. Sullivan, Esq.
BBO#: 657165
MARIEN & HODGE, P.C.
121 State Street, Suite 100
Springfield, MA 01103
Telephone: (413) 788-4555
Facsimile: (413) 733-0785
csullivan@marienhodge.com